**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KESHIA M.** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. EA-25-3258** |
| **FRANK J. BISIGNANO, Commissioner of Social Security,** | * | |
| **Defendant.** | * | |

**MEMORANDUM OPINION**

On October 2, 2025, Plaintiff Keshia M. petitioned this Court to review the final decision of the Social Security Administration (SSA or Commissioner) denying her claim for benefits.[1] ECF No. 1. Pending before the Court is Plaintiff's appeal, which is fully briefed. ECF Nos. 13, 18, 21. No hearing is necessary. Local Rule 105.6 (D. Md. Dec. 1, 2025). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig* v. *Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, and for the reasons set forth below, the Commissioner's decision is reversed.

## I. BACKGROUND

### A. Procedural History

On January 13, 2021, Plaintiff applied for Disability Insurance Benefits and Supplement Security Income under Title II, 42 U.S.C. § 401 *et seq.*, and Title XVI, 42 U.S.C. § 1381 *et seq.*, of the Social Security Act (the Act), respectively. ECF No. 9-4 at 2, 10.[2] Plaintiff initially

---

[1] This case was referred to a United States Magistrate Judge with the parties' consent and reassigned to the undersigned on September 9, 2026. ECF Nos. 4–7; 28 U.S.C. § 636; Local Rule 301.4 (D. Md. Dec. 1, 2025).

[2] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files (CM/ECF) system printed at the top of the cited document.

asserted a disability onset date of June 1, 2017. *Id.* at 2, 10. After the SSA denied Plaintiff's application for benefits, she sought reconsideration and on July 3, 2023, the SSA affirmed its initial determination. ECF Nos. 9-4 at 2, 9–10, 17, 36–37; 9-5 at 17, 22, 42, 46. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held on March 27, 2024. ECF Nos. 9-3 at 76–101; 9-5 at 58. On May 14, 2024, the ALJ rendered a decision (ALJ Decision I) in which he found that Plaintiff was disabled within the meaning of the Act. ECF No. 9-4 at 38–46. On July 28, 2024, the Appeals Council, on its own motion, vacated the ALJ's decision and remanded the case to the same ALJ with instructions to re-evaluate Plaintiff's mental limitations and residual functional capacity and, if warranted, obtain supplemental evidence from a vocational expert. *Id.* at 51–55. The ALJ held another hearing on January 22, 2025, at which time Plaintiff amended her disability onset date to February 1, 2022. ECF No. 9-3 at 50–74. On February 5, 2025, the ALJ rendered a decision (ALJ Decision II) in which he found Plaintiff was not disabled within the meaning of the Act. *Id.* at 21–42. Plaintiff requested further review, which the Appeals Council denied on August 18, 2025. *Id.* at 2. The ALJ's February 5, 2025 decision therefore constitutes the final, reviewable decision of the SSA. *Sims* v. *Apfel*, 530 U.S. 103, 106-107 (2000); 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(a).

**B. Statutory Framework**

The Act authorizes disability insurance benefit payments to every insured individual who "is under a disability." *Cleveland* v. *Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 801 (1999) (quoting 42 U.S.C. § 423(a)(1)). The Act also authorizes Supplemental Security Income payments to "persons who have a 'disability.'"[3] *Barnhart* v. *Thomas*, 540 U.S. 20, 21 (2003). Both of these

---

[3] The primary difference between these two disability benefit programs is the applicant's employment history and financial resources. *Delk* v. *Colvin*, 675 Fed. Appx. 281, 282 (4th Cir. 2017) (explaining that the Disability Insurance Program provides benefits to individuals "who

programs define "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). Federal regulations require the ALJ to evaluate a claimant's disability claim using a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520; 416.920. Through this process, the ALJ asks "whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock* v. *Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "The applicant bears the burden of production and proof during the first four steps of the inquiry." *Pass* v. *Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At step five, "the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's residual functional capacity, age, education, and work experience." *Mascio* v. *Colvin*, 780 F.3d 632, 635 (4th Cir. 2015) (internal quotation marks and citation omitted). If the claimant satisfies step three, there is "an automatic finding of disability," which "relieves the decision maker from proceeding to steps 4 and 5." *Patterson* v. *Commissioner of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017). If the claimant does not carry their burden at the third step of the sequential evaluation, then the ALJ must assess relevant evidence and make a finding regarding the claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e); *Monroe* v. *Colvin*, 826 F.3d 176, 179 (4th Cir. 2016). Residual functional capacity is

---

have contributed to the program while employed," whereas Supplemental Security Income provides benefits based on financial need); *see also* 42 U.S.C. §§ 423(a)(1), 1381a, 1382.

defined as "the most [the claimant] can still do despite [their physical and mental] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945. The ALJ then uses its residual functional capacity determination at the fourth and fifth steps of the disability assessment. 20 C.F.R. §§ 404.1520(e), § 416.920(e); *Monroe*, 826 F.3d at 180.

**C. ALJ Decision II**

On remand, the ALJ initially determined that Plaintiff met the insured status requirements of the Act through December 31, 2022. ECF No. 9-3 at 24. At step one of the five-step sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2022, the amended alleged disability onset date. *Id.* At step two, the ALJ found that Plaintiff had the severe impairments of cerebral palsy, degenerative disc disease, pes planus of the bilateral feet, genu valgum of the bilateral knees, obesity, anxiety, depression, attention-deficit hyperactive disorder, borderline intellectual functioning, and a history of substance abuse disorder. *Id.* at 22, 24. At step three, the ALJ determined that Plaintiff does not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."[4] *Id.* at 25 (bold removed). In reaching this conclusion, the ALJ evaluated various listings of physical and mental impairments. *Id.* at 25–29. In connection with Plaintiff's mental impairments, the ALJ evaluated the "Paragraph B" criteria for mental impairment functional limitations and determined that

---

[4] Appendix 1 to 20 C.F.R. Part 404, Subpart P provides a listing of impairments. Within Appendix 1, "Adult Listings 12.00 *et seq*. . . . pertain to mental impairments, and consist of (1) 'paragraph A criteria,' which consist of a set of medical findings; (2) 'paragraph B criteria,' which consist of a set of impairment-related functional limitations; and (3) 'paragraph C criteria,' which relate to 'serious and persistent' disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment." *Autumn T.* v. *Saul*, Civil Action No. DLB-19-1572, 2020 WL 4194145, at *3 (D. Md. July 21, 2020). The listing of impairments found in Appendix 1 is incorporated into the evaluation criteria for Supplemental Security Income benefits. 20 C.F.R. § 416.925.

while Plaintiff has a moderate limitation in the area of "concentrating, persisting or maintaining pace," as well as mild and moderate limitations in other three functional areas, the Paragraph B criteria were not satisfied. *Id.* at 27–29.

Before continuing to step four of the sequential evaluation, the ALJ determined that Plaintiff had the residual functional capacity to perform sedentary work with exertional and non-exertional limitations.[5] *Id.* at 31. As relevant here, the ALJ found that Plaintiff:

> can perform jobs consisting of simple work-related decisions, with only occasional changes in the routine work setting. She can perform jobs with occasional interaction with supervisors, co-workers, and the public. Time off task during the workday can be accommodated by normal breaks, i.e., she is able to sustain attention and concentration for at least 2 hours at a time.

*Id.* (bold removed). At step four, the ALJ determined that Plaintiff was unable to perform any relevant past work. *Id.* at 40. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff could perform jobs that exist in significant numbers in the national economy. *Id.* To assist in his step-five determination, the ALJ relied on the testimony of a vocational expert. *Id.* at 41. The ALJ evaluated the vocational expert's testimony pursuant to Social Security Ruling 24-3p, Titles II and XVI: Use of Occupational Information and Vocational Specialist and Vocational Expert Evidence in Disability Determinations and Decisions (SSR 24-3p), 89 Fed. Reg. 97,158-01 (Dec. 6, 2024). *Id.* Ultimately, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. ECF No. 9-3 at 41–42.

---

[5] "Exertional capacity . . . defines the individual's remaining abilities to perform each of seven strength demands: [s]itting, standing, walking, lifting, carrying, pushing, and pulling." Social Security Ruling 96-8p, Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 61 Fed. Reg. 34,474-01, 34,477 (July 2, 1996). "Nonexertional capacity considers all work-related limitations and restrictions that do not depend on an individual's physical strength," such as stooping, climbing, reaching, seeing, hearing, speaking, understanding and remembering instructions, and tolerance of temperature extremes. *Id.*

## II. DISCUSSION

On appeal, Plaintiff argues (1) that SSR 24-3p is contrary to law and was promulgated in excess of Agency authority and (2) that the ALJ's residual functional capacity determination did not appropriately address her moderate limitation in concentrating, persisting, or maintaining pace. ECF No. 13 at 6–26. The Commissioner argues the opposite. ECF No. 18 at 8–25. Following discussion of the applicable standard of review, each of Plaintiff's arguments are addressed in turn below.

### A. Standard of Review

The scope of judicial review of the SSA's disability determination is "circumscribed." *Britt* v. *Saul*, 860 Fed. Appx. 256, 259 (4th Cir. 2021) (citing 42 U.S.C. § 405(g)).[6] The Court must affirm the decision "so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence." *Id.*; *accord Mascio*, 780 F.3d at 634; *Coffman* v. *Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Factual findings supported by substantial evidence "shall be conclusive." 42 U.S.C. § 405(g); *see also Hays* v. *Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) ("[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if [the] decision is supported by substantial evidence."). The phrase "substantial evidence" is a "term of art" that "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek* v. *Berryhill*, 587 U.S. 97, 102–103 (2019) (internal quotation marks and citations omitted). It is "more than a mere scintilla . . . [and] somewhat less than a preponderance." *Laws* v. *Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). The "threshold

---

[6] After a hearing to determine an individual's eligibility for Supplemental Security Income benefits, the Commissioner's final determination is subject to the same judicial review as provided in 42 U.S.C. § 405(g). 42 U.S.C. § 1383(c)(3).

for such evidentiary sufficiency is not high." *Biestek*, 587 U.S. at 103. In conducting the substantial evidence inquiry, this Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co.* v. *Akers*, 131 F.3d 438, 439-440 (4th Cir. 1997). "Meaningful review is frustrated—and remand necessary—only where [the Court is] unable to fathom the [ALJ's] rationale in relation to evidence in the record." *Britt*, 860 Fed. Appx. at 262 (internal quotation marks and citation omitted).

**B. SSR 24-3p**

Plaintiff first contends that "SSR 24-3p is contrary to law and was promulgated in excess of Agency authority" (ECF No. 13 at 6), which she claims violated the rule-making procedures of the Administrative Procedure Act (APA), 5 U.S.C. §§ 551–559. Plaintiff did not, however, allege a violation of the APA in her complaint. ECF No. 1. Instead, Plaintiff filed her appeal "pursuant to 42 U.S.C. § 405(g)." *Id.* This statute provides, in pertinent part, that an individual may seek judicial review of the Commissioner's final decision and that the reviewing court is empowered to enter a judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). A remand pursuant to sentence four of § 405(g) requires a "substantive ruling" as to the correctness of the ALJ's decision. *Melkonyan* v. *Sullivan*, 501 U.S. 89, 98 (1991); *Krishnan* v. *Barnhart*, 328 F.3d 685, 692 (D.C. Cir. 2003). An appeal under Section 405(g) is therefore "limited to challenging the ALJ's decision in [her] case—not the SSA's decision to adopt SSR 24-3p." *Benjamin C.* v. *Bisignano*, No. 1:25-cv-01341-RLH, 2026 WL 1682580, at *4 (C.D. Ill. June 10, 2026). As in *Benjamin C.*, Plaintiff "does not argue that the ALJ committed legal error; [s]he argues that the standard the ALJ applied was itself unlawful." *Id.*; *see also* ECF Nos. 13, 21. In that case, the United States District Court for the Central District of Illinois decided that the plaintiff's argument was procedurally flawed and not properly

before the Court. *Benjamin C.*, 2026 WL 1682580, at *4-6. The undersigned reaches the same conclusion here. Plaintiff has made "no attempt to anchor [her] challenge to the facts of this case." *Id.* at *4; *see also* ECF Nos. 13, 21. As in *Benjamin C.*, Plaintiff "does not explain how the ALJ applied SSR 24-3p here, nor does [s]he argue that—had SSR 24-3p not been applied—the result would have changed." 2026 WL 1682580, at *4. Plaintiff merely contends that "judicial input on the legality of SSR 24-3p is necessary." ECF No. 13 at 24. This Court has previously found that this argument, offered by the same counsel, constitutes an impermissible request for an advisory opinion. *Cynthia P.* v. *Commissioner of Soc. Sec.*, Civil Action No. EA-25-3260, 2026 WL 2444672, at *4 (D. Md. Aug. 20, 2026); *Lisa W.* v. *Bisignano*, Civil Action No. JMC-25-2804, 2026 WL 2024675, at *6 (D. Md. July 14, 2026). Those decisions are consistent with Article III's requirement prohibiting federal courts from "issuing advisory opinions that do not affect the rights of the parties before them." *Benjamin C.*, 2026 WL 1682580, at *4 (internal quotation marks and citation omitted). Reversal is therefore unavailable on this basis.

**C. Mental Impairments and the Residual Functional Capacity Determination**

Plaintiff further argues that the ALJ's residual functional capacity determination that Plaintiff is "able to sustain attention and concentration for at least 2 hours at a time" does not adequately address Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace. ECF Nos. 9-3 at 28, 31; 13 at 24. The undersigned concurs.

Here, the ALJ determined that Plaintiff's residual functional capacity limitation in concentrating, persisting, or maintaining pace "can be accommodated by normal breaks, *i.e.*, she is able to sustain attention and concentration for at least 2 hours at a time." ECF No. 9-3 at 31 (bold removed). But this Court has "consistently recognized that, standing alone, 'accommodating time off-task with normal scheduled breaks . . . is insufficient to account for

moderate [concentration, persistence, and pace] limitations because normal breaks are customary even for workers *without* [concentration, persistence, and pace] limitations.'" *Jaqua M.* v. *Bisignano*, Civil Action No. EA-25-1079, 2026 WL 632364, at *6 (D. Md. Mar. 6, 2026) (quoting *Mary G.* v. *Bisignano*, Civil Action No. CDA-24-1473, 2025 WL 2097423, at *5 (D. Md. July 24, 2025) (emphasis in original)); *accord Kevin R.* v. *Kijakazi*, Civil Action No. BAH-22-2985, 2023 WL 5831182, at *3 (D. Md. Sept. 8, 2023); *Richardson* v. *Berryhill*, Civil Action No. TJS-17-1523, 2018 WL 11474067, at *3 (D. Md. June 25, 2018); *Ludlow* v. *Commissioner, Soc. Sec. Admin.*, Civil Action No. SAG-15-3044, 2016 WL 4466790, at *2 (D. Md. Aug. 23, 2016); *see also* SSR 96-9p, 1996 WL 374185, at *6 (July 2, 1996) (noting that a normal workday consists of "a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals"). The "normal scheduled breaks" limitation is therefore inadequate to address Plaintiff's residual functional capacity limitation.

The ALJ also included a limitation that Plaintiff "can perform jobs consisting of simple, work-related decisions." ECF No. 9-3 at 31 (bold removed). This limitation is inadequate to address moderate concentration, persistence, and pace limitations. *Jaqua M.*, 2026 WL 632364, at *6 (citing *Richardson*, 2018 WL 11474067, at *3 ("Limiting [Plaintiff] to work that involves simple tasks and includes normal breaks does not account for her moderate difficulties in concentration, persistence, and pace.")); *accord Evan H.* v. *Kijakazi*, Civil Action No. BAH-23-72, 2023 WL 6216647, at *4 (D. Md. Sept. 25, 2023); *Chad H.* v. *Kijakazi*, Civil Action No. BAH-22-1241, 2023 WL 2837524, at *3 (D. Md. Apr. 6, 2023); *Ludlow*, 2016 WL 4466790, at *2.

The ALJ's inclusion of other limitations, such as "occasional interaction with supervisors, co-workers, and the public" and "only occasional changes in the routine work setting" does not alter the analysis. ECF No. 9-3 at 31 (bold removed). As this Court has observed previously,

"neither Defendant nor the ALJ provides clarity on how these limitations are relevant to Plaintiff's ability to concentrate, persist, or maintain pace. Indeed, these limitations appear to relate to areas of mental functioning *other* than concentration, persistence, or maintaining pace." *Jaqua M.*, 2026 WL 632364, at *6 (quoting *Chad H.*, 2023 WL 2837524, at *4) (emphasis in original)); *see also Deangelo S.* v. *Bisignano*, Civil Action No. TJS-25-417, 2026 WL 84270, at *2 (D. Md. Jan. 12, 2026) (finding that "limitations that [Plaintiff] can remember and carry out only simple instructions and only occasionally interact with the public, coworkers, and supervisors . . . address [his] ability to handle complexity and to interact with others, but they do not address his limitations in maintaining concentration, persistence, or pace"). In sum, the ALJ's finding that Plaintiff has a moderate concentration, persistence, and pace limitation required that the ALJ either include a corresponding limitation in the residual functional capacity determination or explain why no such limitation was necessary. Failure to do so precludes meaningful judicial review and thus requires remand. *Mascio*, 780 F.3d at 638; *Patterson*, 846 F.3d at 659.

## III. CONCLUSION

For the foregoing reasons, the Commissioner's decision is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion pursuant to sentence four of 42 U.S.C. § 405(g). In remanding for further explanation and analysis, the Court offers no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct. A separate Order follows.

Date: October 26, 2026

/s/
Erin Aslan
United States Magistrate Judge